Archibald C. Wemple, J.
The defendants were arrested by the New York State Police after a raid conducted at a clambake sponsored by the Bellevue Athletic Club and held at Endries ’ Grove on Route 50 on September 13, 1959. The defendants were charged with having operated a gambling device called a birdcage. The testimony of the police officers indicated that the device was operated, bets made and bets paid off in their presence.
The record contains about 100 pages, some of which is entirely unrelated to the charges on trial. It is in this area that this court, on appeal, finds that reversible error was committed. Keeping in mind that the trial was had before a jury, the introduction of testimony that the defendant De Lucia had been convicted of being a common gambler in 1946, before the defendant had taken the stand, was prejudicial error. At this point of the trial, the character of the defendant was not the issue, and the proof of a prior conviction was, therefore, entirely improper. Likewise, on page 52 of the record, the witness, Mr. Raymond Osbonlighter, a Supervisor, was asked the following question in cross-examination by the Assistant District Attorney:
Mr. Levy: “ Q. And did you know whether or not, during the month of May, 1946, De Lucia had been convicted of being a common gambler? ”
The testimony is replete with references to raids upon the Bellevue Athletic Club by witness Corporal Teeple, page 25, by witness Nicholas R. De Gasperis, on page 39, witness Raymond Osbonlighter, on page 52, witness Alexander S. De Felice, page 65, and rebuttal witness Patrolman Joseph Formosa, on page 87. This line of questioning was objected to by defendant’s counsel and various motions for mistrial were made, all of which were denied.
From a reading of the record, the' point of emphasis on the part of the prosecution, unwittingly and, I am sure, unintentionally, was directed to the Bellevue Athletic Club. In short, the numerous references to the raids on the Bellevue Athletic Club beclouded the issue of the guilt or innocence of the defendants on trial and must have served to prejudice the defendants in the eyes of the jury.
For the reasons stated, and for the reversible error noted, the conviction of the defendants herein is set aside and a new trial ordered. Enter order accordingly.